**NOT FOR PUBLICATION**

FILED

MAR 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30259 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00098-SPW-1 |
| v. | |
| MACK EDWARD HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 6, 2017[**]
Seattle, Washington

Before:  GRABER, IKUTA, and HURWITZ, Circuit Judges.

   Mack Edward Harris appeals his conviction on firearms charges, challenging

the district court's denial of his motion to suppress evidence obtained during a

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

search of his residence.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly concluded that probable cause and exigent circumstances justified the police officers' warrantless entry into the apartment. The officers heard Harris and Leanna Devad fighting; witnesses reported hearing choking sounds and hearing Devad say that Harris had a firearm in the apartment. Under these circumstances, (1) there was "a fair probability or substantial chance" that a domestic violence incident had occurred, and (2) a reasonable person would have believed that entry was necessary to prevent physical harm to Devad.  *See United States v. Brooks*, 367 F.3d 1128, 1134–35 (9th Cir. 2004).

The district court did not clearly err in concluding that Devad consented to the search of the apartment.  Sergeant Curry's testimony that Devad consented was supported by the recording of Devad saying "yes, yes" around the time that Sergeant Curry says he asked for her consent.  Moreover, Devad's credibility was undermined by inconsistencies between her testimony and her previous statements.

Finally, the district court did not clearly err in concluding that Devad voluntarily consented to the search.  Devad was treated like a victim rather than a perpetrator, so there was no need to give her *Miranda* warnings.  Nor was she threatened by being told that a search warrant could be obtained if she did not

consent to the search. Although the officers' guns were drawn initially, they were pointed at Harris, not at Devad. The totality of the circumstances supported a finding of voluntariness. *See United States v. Patayan Soriano*, 361 F.3d 494, 502 (9th Cir. 2004).

**AFFIRMED.**